UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Drako Sullivan, # 94186-071, | ) C/A No. 5:13-2650-TMC-KDW |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Kenny Atkinson, Warden, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was submitted to the court by a federal prison inmate appearing pro se. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

Drako Sullivan ("Petitioner") is serving a 262-month sentence imposed in this district following a guilty plea. *See United States v. Sullivan*, Criminal Action No. 6:01-898-HMH (ECF No. 33). He has filed two prior unsuccessful § 2255 motions in his criminal case. *See Sullivan v. United States*, Civil Action Nos. 6:03-3655-HMH and 13-2656-HMH. His appeals of both denials of his Motions pursuant to § 2255 were rejected by the Fourth Circuit Court of Appeals. Criminal Action No. 6:01-898-HMH (ECF Nos. 38, 78); *see United States v. Sullivan*, No. 03-7771, 2004 WL 335155 (4th Cir. Feb. 23, 2004) (appeal from denial of initial § 2255 motion).

In the § 2241 Petition under review, Petitioner contends that he is actually innocent of being

a career offender within the meaning of Section 4B1.1 of the Federal Sentencing Guidelines (under which he received an enhanced sentence) because one of his prior convictions used to determine career offender status involved an offense that occurred while he was a minor. Citing to *United States v. Mason*, 284 F.3d 555 (4th Cir. 2002) and *United States v. English*, 173 F.3d 852 (4th Cir. 1999), Petitioner contends that the fact that the conviction was entered when he was a minor makes it inapplicable to the career offender enhancement.[1] Petitioner contends that without counting that prior conviction as a predicate offense under the Sentencing Guidelines, he is actually innocent of the enhanced sentence and should, therefore, be released from prison.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by

---

[1] The court takes judicial notice of the fact that he cited the same two cases and made a similar argument in his second § 2255 motion, which was not addressed on the merits because it was determined to be an unauthorized successive motion. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'").

a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case be summarily dismissed.

## DISCUSSION

The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this case should be dismissed because Petitioner's sentencing claim is cognizable only under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241, and Petitioner has not shown that his is an exceptional case in which the § 2255 remedy is or was inadequate or ineffective. Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not

completely foreclose the use of § 2241 as a remedy for federal prisoners. Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

Since the passage of § 2255, § 2241 has been resorted to and found to be a valid means of court review only in limited situations, none of which is present in this case. Essentially, § 2241 is an appropriate basis for a habeas petition when a prisoner challenges the execution of his sentence, but it is not generally available where the underlying validity of the conviction and sentence is being challenged. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits). According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). A petition for habeas corpus under § 2241, in contrast to a motion under § 2255, is the remedy to challenge federal confinement that is not pursuant to a sentence of a federal court, the unlawful execution of a valid sentence, or confinement beyond its term. *See Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991).

Although Petitioner characterizes his Petition as one seeking to challenge the execution of his sentence, *see* Pet. 3, ECF No. 1, his allegations about the underlying validity of the predicate offenses used to arrive at his enhanced sentence actually go to the underlying validity of his sentence. Such matters are not properly considered under § 2241 unless Petitioner can come within the § 2255 savings clause by showing that his is an exceptional case in which § 2255 is neither an adequate nor effective remedy for those issues. *See In re Jones,* 226 F.3d 328, 333 (4th Cir. 2000); *In re Vial,* 115 F.3d 1192, 1194 (4th Cir. 1977); *Farrow v. Revell*, No. 13-6804, 2013 WL 5546155, *1 (4th Cir. Oct. 9, 2013).

4

With regard to the application of the savings clause to § 2241 petitions, it is settled in this circuit that the possibility that a § 2255 motion filed by Petitioner in his criminal case might be found untimely or successive does not render the § 2255 remedy inadequate or ineffective. *See In Re Vial*, 115 F.3d at 1194 n.5; *see also Jiminian v. Nash*, 245 F.3d 144, 147-48 (2d Cir. 2001) (collecting cases). In fact, Petitioner makes no "ineffective or inadequate" argument in either his Petition or the attachments to the Petition in this case. But, even if he did attempt such an argument, it should be summarily rejected because, under the facts shown in this case, Petitioner cannot, in good faith, claim that the § 2255 remedy is "inadequate or ineffective" in his case because he is unable to file another § 2255 Petition with the sentencing court in order to properly raise the issues of conviction/sentence invalidity he seeks to raise in the Petition filed in this case. He is unable to make such a claim because there is nothing in the Petition showing that he asked the Fourth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244, to consider whether he should be authorized to file a third § 2255 motion to properly raise the sentencing claim he makes in the Petition now under review. Petitioner's failure to pursue available and appropriate statutory procedures to have his arguments considered under the appropriate statutory authority indicates that his current § 2241 Petition was filed in an attempt to circumvent the requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996, commonly referred to as the AEDPA.[2]

Furthermore, Petitioner's allegations do not satisfy the standards for a viable "actual innocence" claim as contemplated in the §§ 2241 or 2255 contexts because he provides no allegations of new evidence, unavailable at the time of conviction, that undermines the validity of

---

[2]The AEDPA made many changes to prior practice in federal habeas corpus actions and created the current statutory rules regarding the timing, filing, and consideration of habeas corpus cases, including cases filed under either § 2255, § 2241, or § 2254.

his federal criminal *conviction* for drug-related charges. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). The type of "actual innocence" that might require the court to consider a claim under § 2241 is *factual* innocence of the crime of conviction, not *legal* innocence of the requirements for an enhanced sentence as asserted here. *See Bousley v. United States*, 523 U.S. 614, 623-24 (1998). Numerous recent cases from judges of this court support this conclusion and the ultimate decision that § 2241 is not a proper vehicle for Petitioner to use to make his arguments against his enhanced sentence. *See, e.g.*, *United States v. Kelley*, No. 3:04-998-CMC, 2010 WL 5140593, *3-5 (D.S.C. Dec. 13, 2010); *Riddle v. Mitchell*, No. 9:10-0084-JFA, 2010 WL 1727862 (D.S.C. Apr. 27, 2010); *Chestnut v. Mitchell*, No. 9:09-03158-RBH, 2010 WL 569577 (D.S.C. Feb. 12, 2010).

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *with prejudice*.

IT IS SO RECOMMENDED.

April 7, 2014                                                                                     Kaymani D. West
Florence, South Carolina                                                             United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).